IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1341 (ESH) |
| ) | ECF |
| DISTRICT OF COLUMBIA WATER ) | |
| AND SEWER AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant District of Columbia Water and Sewer Authority ("WASA") respectfully asks the Court to enter an Order dismissing those claims of Plaintiff's Complaint that allege any violation of the Age Discrimination in Employment Act or that allege harassment or the maintenance of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. In support of this motion, WASA refers the Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

*/s/*

Robert G. Ames
DC Bar No. 234393
Brian M. Hudson
DC Bar No. 472358
Venable LLP
575 7th St., N.W.
Washington, D.C. 20004
Ph: 202-344-4000
Fax: 202-344-8300

December 16, 2005
DC1/205563v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1341 (ESH) |
| ) | ECF |
| DISTRICT OF COLUMBIA WATER ) | |
| AND SEWER AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant District of Columbia Water and Sewer Authority ("WASA") hereby submits its Memorandum in Support of its Motion to Dismiss.[1] To the extent that Plaintiff's Complaint alleges that WASA has ever discriminated against Plaintiff based on age in violation of the Age Discrimination in Employment Act ("ADEA") or has unlawfully harassed Plaintiff or subjected her to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, WASA moves to dismiss such allegations because they are beyond the scope of the underlying U.S. Equal Employment Opportunity Commission charge and therefore Plaintiff has failed to exhaust her administrative remedies with respect to those allegations.[2]

---

[1] In 1996, the District of Columbia government, with United States Congressional approval, created WASA as an independent authority within the District government. WASA's enabling legislation states, "[t]here is established, as an independent authority of the District government, the District of Columbia Water and Sewer Authority." D.C. Code § 34-2202.02(a). Furthermore, the enabling statute states that WASA "shall be a corporate body, created to effectuate certain public purposes, that has a separate legal existence within the District government." Id.

[2] Moreover, as a state entity WASA is not subject to any claims for damages under the ADEA. See Kimel v. Florida Board of Regents, 528 U.S. 62 (2000); Jones v. WMATA, 205 F.3d 428, 432 (D.C. Cir. 2000).

I.  **INTRODUCTION**

In this action Plaintiff Betty Williams, who is currently employed with WASA as a Wastewater Treatment Operator, asserts several claims arising out of her employment with WASA. Complaint ¶ 32-35.

Plaintiff alleges in her Complaint that WASA violated Title VII of the Civil Rights Act of 1964 and the District of Columbia Human Rights Act by denying Plaintiff the opportunity to work overtime in retaliation for prior protected activity by Plaintiff, and also retaliated against her "by refusing to transfer Plaintiff at her request." Complaint ¶¶ 32-33. Plaintiff also alleges that WASA intentionally discriminated against her "because of her age" and unlawfully subjected Plaintiff to a hostile work environment. Id. Complaint ¶¶ 32-33.

Plaintiff claims that she filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the D.C. Office of Human Rights in February 2004, and received her notice of right to sue from the EEOC on April 6, 2005. Complaint ¶¶ 28-30. The EEOC charge consisted of a single allegation that WASA violated Title VII of the Civil Rights Act of 1964 by denying Plaintiff the right to work overtime in retaliation for prior protected activity by Plaintiff. Plaintiff's EEOC charge did not allege any violation of the ADEA and did not include any allegations or claims that Plaintiff had been subjected to a hostile work environment or any other harassment while working with WASA. Nor did Plaintiff allege in her EEOC charge that she had been subjected to unlawful discrimination of any kind.

To the extent that the Complaint alleges violations of Title VII due to unlawful harassment (including hostile work environment harassment) or alleges unlawful age discrimination in violation of the ADEA, such claims plainly exceed the scope of Plaintiff's underlying EEOC charge, which raised only a claim of unlawful retaliation in violation of Title VII.

II.  **ARGUMENT**

To bring a cause of action in federal court under either Title VII or the ADEA, a plaintiff must first file a charge of discrimination with the EEOC or an appropriate state or local agency. See Washington v. WMATA, 160 F.3d 750, 752-753 (D.C. Cir. 1998); Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995); Bugg-Barber v. Randstad US, L.P., 271 F. Supp. 2d. 120, 131-32 (D.D.C. 2003). The law is settled that a lawsuit following the filing of an EEOC charge must be "limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" Park, 71 F.3d at 907 (internal citation omitted). This requirement serves the important purpose of putting the employer on notice of the claims alleged against it. See Christopher v. Billington, 43 F. Supp. 2d 39, 47 (D.D.C. 1999) ("Requiring that a plaintiff assert in an administrative complaint all charges that could form the basis of a lawsuit provides the charged party with notice of the claim and helps 'narrow the issues for prompt adjudication and decision.'") (internal citations omitted).

Therefore, any claims in Plaintiff's Complaint of age discrimination in violation of the ADEA or of unlawful harassment, in the form of a hostile work environment or otherwise, should be dismissed because they fall outside the scope of the claim Plaintiff previously raised before the EEOC. The law is clear that a plaintiff's lawsuit under Title VII or the ADEA is limited to those claims which were previously raised in a charge filed with the EEOC. Christopher, 43 F. Supp. 2d at 47. The filing of such a charge is a prerequisite to the maintenance of a civil action in court. See Kidane v. Northwest Airlines, 41 F. Supp. 2d 12, 15-16 (D.D.C. 1999). Courts within this Circuit have repeatedly held that "the requirement of some specificity in a charge is not a 'mere technicality'" and that "a court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the [Title VII or ADEA] administrative process." Park, 71 F.3d at 907 (internal citation omitted). As such, a plaintiff may not assert claims under these statutes based on

3

conduct that was not alleged in a timely charge of discrimination. See Hunt v. D.C. Dep't of Corrections, 41 F.Supp. 2d 31 (D.D.C. 1999); Park, 71 F.3d at 907; Bugg-Barber, 271 F. Supp. 2d at 131-32.

In her EEOC charge, Plaintiff alleged only that WASA unlawfully denied Plaintiff opportunities to work overtime, in retaliation for Plaintiff's prior protected activity. Plaintiff did not assert in her EEOC charge any separate claims of age discrimination in violation of the ADEA or harassment or a hostile work environment in violation of Title VII. As a result, there was no opportunity for the EEOC to fulfill its statutory mandate to investigate and attempt to resolve these new allegations. Similarly, contrary to the intent of the Title VII and ADEA administrative schemes, WASA had no chance to address and possibly resolve such claims short of litigation. Plaintiff's failure to present any ADEA claim or Title VII claims of harassment or hostile work environment in her EEOC charge is fatal to such claims in this case. See Park, 71 F.3d at 908 (finding that plaintiff failed to exhaust her administrative remedies because her EEOC charge contained no claims or factual allegations that could reasonably be expected to lead to a hostile work environment claim); Hunt, 41 F. Supp. 2d at 36 (D.D.C. 1999) (dismissing plaintiff's gender discrimination claim because she failed to "check the box" for gender discrimination on the EEOC claim form and no claim of gender discrimination could be inferred from charge).[3]

Because Plaintiff has not exhausted her administrative remedies with respect to any charges of discrimination, harassment or hostile work environment under Title VII or the ADEA, any such claims in the Complaint must be dismissed.

---

[3] See also Marshall v. Federal Express Corp., 130 F.3d 1095, 1097-98 (D.C. Cir. 1997) (holding that plaintiff did not exhaust administrative remedies regarding her claim of unlawful termination because her EEOC charge alleged only a failure to allow her to apply for a position); Childers v. Slater, 44 F. Supp. 2d 8, 16-17 (D.D.C. 1999) (dismissing claims of discrimination that were never timely raised with the EEOC and were not sufficiently related to claims that were timely raised with the EEOC).

4

## III. CONCLUSION

For the foregoing reasons, WASA respectfully requests that the Court dismiss all charges in the Complaint of discrimination, harassment or hostile work environment in violation of either Title VII or the ADEA.

Respectfully submitted,

Robert G. Ames
DC Bar No. 234393
Brian M. Hudson
DC Bar No. 472358
Venable LLP
575 7th St., N.W.
Washington, D.C. 20004
Ph: 202-344-4000
Fax: 202-344-8300

December 16, 2005
DC1/205536v2

5