IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1341 (ESH) |
| ) | ECF |
| DISTRICT OF COLUMBIA WATER ) | |
| AND SEWER AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

### ANSWER OF DEFENDANT
### DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY

Defendant District of Columbia Water and Sewer Authority ("WASA"), by and through undersigned counsel, hereby states as follows its Answer to the Complaint filed by Plaintiff Betty Williams. WASA has moved to dismiss any allegations in the Complaint of age discrimination in violation of the Age Discrimination in Employment Act and any claims of unlawful harassment, by hostile work environment or otherwise, in violation of Title VII of the Civil Rights Act of 1964, and answers below only the factual allegations that are not challenged in WASA's pending Motion to Dismiss. All factual allegations not answered below shall be assumed to be denied.

In response to each of the numbered paragraphs of the Complaint, WASA says:

1. Paragraph 1 of the Complaint does not state any allegations against WASA, and therefore requires no admission or denial by WASA. To the extent that Paragraph 1 of the Complaint may be read to state any allegation against WASA, WASA denies the same.

2. WASA admits that for all times relevant to the Complaint Plaintiff was employed by WASA within the District of Columbia. WASA denies the remaining allegations of Paragraph 2 of the Complaint.

3.  WASA has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint.

4.  WASA admits that in 1996 the District of Columbia government initiated the creation of the District of Columbia Water and Sewer Authority and that pursuant to WASA's enacting legislation certain former employees of the D.C. Department of Public Works' Water and Sewer Utility Administration were transferred to WASA. WASA denies the remaining allegations of Paragraph 4 of the Complaint.

5.  WASA admits the allegations of Paragraph 5 of the Complaint.

6.  WASA admits that, on information and belief, Plaintiff began working as a Sanitation Worker with the District of Columbia Department of Environmental Services, Solid Waste Management Administration in 1974, after holding a number of previous positions within the District government. WASA admits that Plaintiff is currently employed with WASA at the Blue Plains Wastewater Treatment Plant as a Wastewater Treatment Operator, Wage Grade 9, Step 5. WASA denies the remaining allegations of Paragraph 6 of the Complaint.

7.  WASA has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint.

8.  WASA denies the allegations of Paragraph 8 of the Complaint.

9.  WASA admits that Plaintiff has previously filed complaints against WASA accusing WASA of discrimination, retaliation and sexual harassment. WASA has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 9 of the Complaint.

10. WASA denies the allegations of Paragraph 10 of the Complaint.

11. WASA denies the allegations of Paragraph 11 of the Complaint.

12. WASA admits the allegations of Paragraph 12 of the Complaint.

13. WASA admits that Plaintiff was involuntarily transferred to the Secondary Treatment Branch in December 2000 as a result of a departmental reorganization. WASA denies each and every other allegation of Paragraph 13 of the Complaint.

14. WASA admits that Plaintiff was told that she could not work overtime while working in the Secondary Branch because Plaintiff was not proficient in performing the necessary duties for the stations in the section. WASA denies the remaining allegations of Paragraph 14 of the Complaint.

15. WASA admits that it repeatedly attempted to train Plaintiff on all of the necessary duties for the stations in the Secondary Treatment Branch. WASA denies each and every other allegation of Paragraph 15 of the Complaint.

16. WASA denies the allegations of Paragraph 16 of the Complaint.

17. WASA admits the allegations of Paragraph 17 of the Complaint.

18. WASA admits that Plaintiff's supervisor was unable to assign Plaintiff to work overtime despite the fact that Plaintiff had passed the Wastewater Treatment Operator certification exam, because Plaintiff was still not proficient in performing the necessary duties for the stations in her section. WASA denies the remaining allegations of Paragraph 18 of the Complaint.

19. WASA admits that some of the overtime which Plaintiff was unable to work because she was not proficient in performing the necessary duties occurred on holidays. WASA denies the remaining allegations of Paragraph 19 of the Complaint.

20. WASA admits that before WASA began requiring all Wastewater Treatment Operators to attain certification some employees who were able to proficiently perform the necessary duties for the stations in the Secondary Treatment Branch were assigned to work overtime despite the

fact that they had not yet passed certification examinations. WASA denies the remaining allegations of Paragraph 20 of the Complaint.

21. WASA denies the allegations of Paragraph 21 of the Complaint.

22. WASA admits that all Wastewater Treatment Operators are periodically required to work without having another employee in the immediate area. WASA admits that in 2002 Plaintiff claimed to have been injured while on the job. WASA denies the remaining allegations of Paragraph 22.

23. WASA denies the allegations of Paragraph 23 of the Complaint.

24. WASA denies the allegations of Paragraph 24 of the Complaint.

25. WASA denies the allegations of Paragraph 25 of the Complaint.

26. WASA denies the allegations of Paragraph 26 of the Complaint.

27. WASA denies the allegations of Paragraph 27 of the Complaint.

28. WASA admits that on or about March 3, 2004, WASA received notice that Plaintiff had filed a charge with the United States Equal Employment Opportunity Commission, dated February 25, 2004, alleging that WASA had denied Plaintiff overtime work in retaliation for having filed "previous claims of discrimination against" WASA. WASA denies that Plaintiff's EEOC charge included any allegations of age discrimination, harassment or hostile work environment in violation of either Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act. WASA denies that Plaintiff's EEOC charge included any allegation that WASA was trying to force Plaintiff to resign in retaliation for any previous protected activity. WASA denies the remaining allegations of Paragraph 28.

29. WASA admits that on or about March 3, 2004, WASA received notice that Plaintiff had filed a charge with the United States Equal Employment Opportunity Commission, dated

February 25, 2004, alleging that WASA had denied Plaintiff overtime work in retaliation for having filed "previous claims of discrimination against" WASA. WASA has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 29 of the Complaint.

30.   WASA has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 30 of the Complaint.

31.   WASA denies the allegations of Paragraph 31 of the Complaint.

32.   WASA denies the allegations of Paragraph 32 of the Complaint.

33.   WASA denies the allegations of Paragraph 33 of the Complaint.

34.   WASA denies the allegations of Paragraph 34 of the Complaint.

35.   WASA denies the allegations of Paragraph 35 of the Complaint.

The remaining paragraphs of the Complaint state the Plaintiff's demands for relief. WASA denies that Plaintiff is entitled to any of the relief sought in her "Prayer for Relief."

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

This Court lacks jurisdiction over the Complaint, or portions thereof.

### Third Affirmative Defense

The Complaint, or portions thereof, is barred by the applicable statutes of limitations, by laches, or both.

### Fourth Affirmative Defense

The Complaint, or portions thereof, is barred to the extent that Plaintiff failed to exhaust her administrative remedies.

### Fifth Affirmative Defense

The Complaint, or portions thereof, is barred to the extent that it alleges conduct and/or claims not previously alleged in a timely administrative charge or complaint filed with an appropriate federal or local agency.

### Sixth Affirmative Defense

At all times relevant to this action, WASA maintained non-discrimination policies that prohibited unlawful discrimination, harassment or retaliation based upon age, any other protected category, or any protected activity. WASA had no knowledge of any unauthorized conduct or acts that constituted unlawful discrimination, harassment or retaliation against Plaintiff based upon age, any other protected category, or any protected activity.

### Seventh Affirmative Defense

WASA exercised reasonable care at all times to prevent and correct promptly any unlawful conduct of which it became aware.

### Eighth Affirmative Defense

No similarly-situated employee outside the Plaintiff's protected class(es) was treated more favorably than the Plaintiff.

### Ninth Affirmative Defense

WASA had legitimate, nondiscriminatory, and non-pretextual reasons for all employment actions described in Plaintiff's Complaint.

### Tenth Affirmative Defense

WASA's actions were done in good faith, without malice and without intent such that the relief sought (including but not limited to punitive damages) is not available.

### Eleventh Affirmative Defense

The Complaint, or portions thereof, is barred by the doctrines of waiver, estoppel, res judicata, fraud and/or unclean hands.

### Twelfth Affirmative Defense

Plaintiff suffered no adverse employment action as a result of any conduct or actions attributable to Defendant.

### Thirteenth Affirmative Defense

Some or all of the damages sought by Plaintiff are not available under the causes of action alleged.

### Fourteenth Affirmative Defense

Plaintiff has failed to mitigate her damages, if any.

### Fifteenth Affirmative Defense

The Complaint, or portions thereof, is barred because WASA was privileged to do (and acted rightfully and with justifiable cause in doing) what it did.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred by pending administrative proceedings and the doctrine of election of remedies.

### Seventeenth Affirmative Defense

The Complaint, or portions therof, is barred by the doctrine of accord and satisfaction.

<u>Eighteenth Affirmative Defense</u>

The Complaint, or portions thereof, is barred by the terms of a previous settlement agreement between the Plaintiff and Defendant.

<u>Nineteenth Affirmative Defense</u>

WASA hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, having fully answered the Complaint by plaintiff, Defendant WASA prays that it be dismissed, with costs taxed against Plaintiff.

Respectfully submitted,

Robert G. Ames
DC Bar No. 234393
Brian M. Hudson
DC Bar No. 472358
Venable LLP
575 7th St., N.W.
Washington, D.C. 20004
Ph: 202-344-4000
Fax: 202-344-8300

DC1/205498v2