IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BETTY WILLIAMS,<br>    3734 Burnham Place, N.E.<br>    Washington, D.C.  20019<br><br>        Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA<br>WATER AUTHORITY,<br>    5000 Overlook Ave., S.W.<br>        Washington, D.C.  20032<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No.   05-1341 JMF |

**AMENDED COMPLAINT-CIVIL RIGHTS**
**(JURY TRIAL DEMANDED)**

I. <u>JURISDICTION AND VENUE</u>

    1.    This is an action for declaratory relief, injunctive relief and for damages to redress the deprivation of Plaintiff's civil rights, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1343 (1970), and the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and this action also invokes the protections of the District of Columbia Human Rights Act, Title I, §§ 2501, <u>et</u> <u>seq</u>.

    2.    The unlawful employment practices complained of herein were committed in the District of Columbia.

II.    <u>PARTIES</u>

    3.    Plaintiff Betty Williams is a sixty-three (63) year old, Black female citizen of the United States and is a resident of the District of Columbia.

1

4. Defendant is the District of Columbia Water and Sewer Authority, which agency is the successor employer of the District of Columbia Department of Public Works.

5. The District of Columbia Water and Sewer Authority, for all times relevant to the facts alleged herein, is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and is an employer within the meaning of the District of Columbia Human Rights Act, as amended.

III.   STATEMENT OF FACTS

6. Plaintiff began work for Defendant in 1974, as a sanitation worker (at that time Defendant WASA was an Agency of the District of Columbia Government known as the District of Columbia Department of Public Works), as a sanitation worker; Plaintiff worked for the WASA Blue Plains Wastewater Treatment Plant as a Wastewater Treatment Operator, Wage Grade 9, step 5, until April 2006.

7. Plaintiff was the first female sanitation worker hired by the District of Columbia government.

8. The acts complained of herein were part of a continuing pattern of discrimination and retaliation perpetrated against the Plaintiff by the District of Columbia Water and Sewer Authority and its predecessor agency, the District of Columbia Department of Public Works.

9. Plaintiff had previously filed complaints of discrimination against Defendant and its predecessor agency, accusing the Defendant of, inter alia, discrimination, retaliation, and sexual harassment.

10. As a result of Plaintiff Williams' protected activity of filing discrimination complaints, Defendant has engaged in a continuing pattern of retaliation against Plaintiff Williams, chiefly by denying her overtime and by transferring her to duty stations where

2

Defendant could continue its pattern of discrimination and retaliation, and could subject Plaintiff Williams to a hostile working environment.

11. Plaintiff Williams' most recent complaints of discrimination and retaliation were filed in 1998, 1999, 2000, and 2005.

12. In 1998, Plaintiff filed suit in United States District Court alleging that she was denied overtime in retaliation for her protected activity.

13. In December 2000, Plaintiff was involuntarily transferred to the Secondary Treatment Branch, where Defendant continued to deny overtime to Plaintiff.

14. The reason given by Defendant for its failure to give overtime to Plaintiff while Plaintiff was working in the Secondary Branch was that Plaintiff was not proficient in all of the stations in her section, and therefore, she was ineligible to be called for overtime work.

15. Ms. Williams then was trained on all of the stations in the Secondary Branch, but even after she was trained on all of the stations, Defendant WASA still refused to allow Plaintiff to work overtime.

16. Defendant WASA told Ms. Williams that she was still ineligible for overtime because, notwithstanding the fact that she had learned all of the stations in Secondary Branch, she had not passed her certification examination as a Wastewater Treatment Operator.

17. In July 2003, Plaintiff Williams passed the certification examination as a Wastewater Treatment Operator.

18. Notwithstanding the fact that Plaintiff Williams had passed the certification examination as a Wastewater Treatment Operator, Defendant WASA continued to refuse to grant Plaintiff any overtime.

19. Defendant WASA also denied Plaintiff Williams the right to work overtime on holidays (holiday pay is paid at a higher rate), even when the holiday fell on Plaintiff Williams' regular work days.

20. Upon information and belief, Defendant WASA allowed numerous other employees to work overtime, even though said employees had not passed their certification examinations and/or had not been trained to work all of the stations in their branch.

21. Upon information and belief, Defendant WASA allowed other employees to work holidays and overtime, even though said employees had not been trained on all of the stations in their branches and/or had not passed the certification examination.

22. Plaintiff was also forced by WASA management to work by herself on several occasions, and as a result, suffered an injury on the job while trying to do some repair work by herself.

23. Plaintiff was also frequently subjected to verbal abuse by her supervisor during the period 2003-2005, and the verbal abuse included profanity, swearing, and shouting.

24. On a number of occasions, the verbal abuse to which Plaintiff Williams was subjected to by WASA officials occurred in the presence of her co-workers.

25. All of the employees who received the preferential treatment from WASA's supervisors were younger than Plaintiff Williams.

26. On several occasions, some of Defendant WASA's officials and supervisors urged Plaintiff Williams to retire, if she did not like the treatment to which she was being subjected by Defendant WASA.

27.    Upon information and belief, none of the employees who received preferential treatment from Defendant WASA, and who received the overtime, holiday pay, and work benefits Ms. Williams was denied by WASA, had filed discrimination complaints against WASA.

28.    In January 2004, Plaintiff went to the Washington office of the United States Equal Employment Opportunity Commission, and brought charges against Defendant WASA, alleging that her continued denial of overtime, and the harassment and hostile work environment to which she was subjected was a continuation of Defendant WASA's discrimination against her because of her prior protected activity, and because of her age, in that Defendant WASA was trying to force Plaintiff to resign, and said acts constituted further retaliation against Plaintiff because of her previous protected activity of filing discrimination charges against Defendant WASA

29.    In February 2004, Plaintiff's complaint was accepted by the United States Equal Employment Opportunity Commission ("EEOC") and the District of Columbia Office of Human Rights ("DCOHR").

30.    Plaintiff received her right-to-sue letter from the EEOC on April 6, 2005, and all administrative prerequisites to this lawsuit have been satisfied.

31.    In December 2004, Ms. Williams was suspended for thirty days because WASA management accused Ms. Williams of falsifying a wastewater treatment log.

32.    Throughout 2005, WASA continued its pattern of treatment of harassing Ms. Williams, of threatening to fire her if she did not retire, and of subjecting her to difficult working conditions in order to harass and frustrate her.

33.     In April 2006, WASA terminated Ms. Williams for alleged inability to perform the duties of her position, even though Ms. Williams had been performing the duties of her position acceptably since 2001.

34.     As a result of Defendant's acts and practices as enumerated herein, Plaintiff has been denied her equal rights, has been denied significant overtime wages, has been subjected to harassment, reprisal and retaliation, has been subjected to discrimination because of her age and prior protected activity, has suffered a loss of personal and professional esteem, and has suffered embarassment, humiliation and indignity, and has been subjected to a hostile environment.

35.     As a result of Defendant's acts and practices as enumerated herein, Ms. Williams was wrongfully terminated from her position with WASA, and as a result, has lost wages, retirement benefits, and other emoluments of her position.

IV.     STATEMENT OF CLAIM

36.     Defendant has intentionally engaged in conduct violative of Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, and the District of Columbia Human Rights Act, as amended.

37.     The Defendant has intentionally engaged in discrimination and retaliation against the Plaintiff because of her age and prior protected activity, and by retaliating against Plaintiff by denying Plaintiff the normal amount of overtime she would have worked, and by refusing to transfer Plaintiff at her request, and by subjecting Plaintiff to a hostile environment in an effort to cause Plaintiff to retire from Defendant's employ, and by wrongfully terminating Plaintiff Williams.

38.     The effects of the Defendant's acts and practices as described in paragraphs 6-31, above, have been to deprive Plaintiff of equal employment opportunities and to otherwise

6

adversely affect her status as an employee of the D.C. Water and Sewer Authority because of her age and protected EEO activity, and to intentionally cause Plaintiff to suffer loss of wages and benefits, and to suffer emotional distress.

39.     Plaintiff has no plain, adequate or complete remedy at law to redress the acts and practices complained of herein, and Plaintiff is now suffering and will continue to suffer irreparable injury as a result of Defendant's acts and conduct as described herein. Unless Defendant is restrained by Order of this Court, Plaintiff will continue to suffer said irreparable injury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Honorable Court to advance this case on the docket, order a jury trial at the earliest practicable date, and cause this case to be in every way expedited, and upon such hearing to:

1. Issue a declaratory judgment that Defendant's acts and practices complained of herein violated Plaintiff's rights as secured by the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, and the District of Columbia Human Rights Act, Title 1, Section 2501, et seq.

2. Grant Plaintiff a permanent injunction enjoining the Defendant and its agents, employees, assigns and other representatives, from engaging in any employment policy or practice which discriminates and retaliates against Plaintiff or any other employee or applicant on the basis of age and protected activity; and

3. Order Defendant to make Plaintiff whole for the discrimination and retaliation Plaintiff has suffered as a result of the acts and practices as described herein by reinstating Plaintiff to her employment with Defendant and by providing appropriate back pay and other wages and benefits in an amount to be shown at trial; and

4. Grant Plaintiff an award of compensatory damages to compensate her for her emotional distress;

5. Grant Plaintiff her attorney's fees, costs and disbursements; and

6. Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law, and require Defendant to file such reports as the Court deems necessary to evaluate such compliance; and

7. Grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

_____
John W. Davis, #931600
1111 14th Street, N.W.
Suite 820
Washington, D.C. 20005
(202) 408-1952

Attorney for Plaintiff