IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BETTY WILLIAMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV-01341 (JMF) |
| ) | |
| **DISTRICT OF COLUMBIA WATER** ) | |
| **AND SEWER AUTHORITY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION TO AMEND**

      Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Betty Williams, by and through her counsel, comes now to request that this Honorable Court allow Plaintiff to amend her Complaint in this matter to more completely and definitely state her cause of action, and to add an additional claim for termination. In support of this motion, Plaintiff has attached a memorandum of points and authorities.

    Respectfully submitted,

    _____
    John W. Davis, No. 931600
    1111 14th Street. N.W.
    Suite 820
    Washington, D.C.  20005
    (202) 408-1952

    Attorney for Plaintiff
    Betty Williams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BETTY WILLIAMS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:05CV-01341 (JMF) |
| | ) |
| **DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND

Plaintiff Betty Williams initiated this action by filing suit in this Court in July 2005. The gravamen of Plaintiff's Complaint is that the Defendant, the District of Columbia Water and Sewer Authority, has engaged in a concerted pattern of discrimination and retaliation against Ms. Williams because of her age, sex and prior protected activity, in violation of Ms. Williams rights under Title VII of the Civil Rights Act of 1964, as amended, and the District of Columbia Human Rights Act. The issues in this matter were joined in December 2005. Ms. Williams seeks declaratory and injunctive relief, and damages.

Ms. Williams now seeks to amend her Complaint in order to more completely and definitely state her causes of action, and to add a claim for unlawful termination, since Defendant discharged Ms. Williams in April 2006.

The Federal Rules of Civil Procedure state that, after the issues have been joined, the parties may amend their pleading only by leave of the Court, and leave shall be freely given when justice so requires. Fed. R. Civ. Proc. 15; Foman v. Davis., 371 U.S. 178 (1962)

The permission or refusal to amend pleading is a matter solely within the sound discretion of the district court. Id.; Gaubert v. Federal Home Loan Bank Board, 863 F.2d 59, 69 (D.C. Cir; 1988). The general practice of the Federal Courts is to liberally allow amendments to the pleadings, and the Court should not deny such amendment unless the movant evidences bad faith, undue delay, dilatory motive, the amendment is futile, or unless the amendment imposes a hardship or otherwise prejudices the defendant. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996 ); Williamsburg Wax Museum v. Historic Figures, Inc., 810 F.2d 243, 247 (D.C. Cir. 1987) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Parker v. Baltimore and Ohio R.R. Co., 652 F.2d 1012 (D.C. Cir. 1981). Here, none of the above factors exist.

Ms. Williams filed this action approximately 18 months ago; however, although discovery in the original action has closed, no dispositive motions have been filed, and no date for trial has been set.

Additionally, notice is the critical element involved in determining the appropriateness of a motion to amend. A party who is notified of litigation thorough an original pleading which gives fair notice of the general fact situation out of which the claim arises, has been given all of the notice which the statutes are intended to afford, even though the original pleading be defective. M.W. Zwack Metal Company v. S.S. Birmingham City, 291 F.2d 451 (2nd Cir. 1961). Here, Defendant has at all times been aware of plaintiff's action, and even before filing this motion to amend in this Court, Ms. Williams had pursued her rights administratively through the E.E.O.C. and the District of Columbia Office of Human Rights.
.

Nor is timing a fatal problem, since plaintiffs have been allowed to amend their complaints as late as the last day of trial. <u>Roesel v. Joliet Wrought Iron Washer Co</u>., 596 F.2d 183 (7th Cir. 1979).

For the above stated reasons, and in the interest of justice, plaintiff respectfully prays that the Court grant the motion for leave to file an amended complaint.

Respectfully submitted,

_____
John W. Davis, No. 931600
1111 14th Street. N.W.
Suite 820
Washington, D.C.  20005
(202) 408-1952

Attorney for Plaintiff
Betty Williams