**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BETTY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1341 (ESH) |
| | ) | ECF |
| DISTRICT OF COLUMBIA WATER | ) | |
| AND SEWER AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Defendant District of Columbia Water and Sewer Authority ("WASA"), by

undersigned counsel, hereby submits its Opposition to Plaintiff's Motion to Amend her

Complaint in this matter.

**I.      INTRODUCTION**

The Court should deny Plaintiff's Motion to Amend her Complaint, in which

Plaintiff seeks "to more completely and definitively state her cause of action" and to add

a claim of wrongful termination.  As explained below, Plaintiff is seeking leave to amend

the Complaint almost two years after filing the original complaint and more than a year

after her discharge, and there is no justification for the delay.  Allowing Plaintiff to

amend her Complaint at this late date would be unfairly prejudicial to WASA, which in

good faith conducted significant discovery to prepare its defenses in this matter, because

the requested amendment would necessitate a new round of discovery.  Moreover,

discovery in this matter closed more than seven months ago, pursuant to the parties'

mutual agreement, without any objection or notice from Plaintiff that she still intended to

amend her Complaint.  Nor has Plaintiff identified in support of her motion any

-2-

legitimate reason for the lengthy delay in seeking leave to amend.  Under these circumstances, the Court should deny Plaintiff's Motion to Amend.

## II.    PROCEDURAL HISTORY

Plaintiff filed her Complaint in this matter on July 25, 2005.  Almost three months later, on October 14, 2005, Judge Ellen Huvelle issued an Order directing Plaintiff to complete service of process and to file proof of service of the summons and complaint on WASA, or to file a written explanation as to why service of process had not been completed, by November 5.  Plaintiff finally served the Complaint on WASA on November 4, 2005.

Although Plaintiff states in her Memorandum of Points and Authorities in Support of her Motion to Amend that "no dispositive motions have been filed" in this matter, that assertion is incorrect.  On December 16, 2005, WASA filed a Motion to Dismiss any claims by Plaintiff that she was discriminated against and harassed in violation of either the Age Discrimination in Employment Act or Title VII of the Civil Rights Act of 1964. Plaintiff did not file any opposition to the Motion to Dismiss, and on January 4, 2006 Judge Huvelle issued a Minute Order granting WASA's Motion to Dismiss.  Plaintiff's only surviving claim is her allegation that WASA violated Title VII by denying Plaintiff the right to work overtime in retaliation for prior protected activity by Plaintiff.

Effective April 28, 2006, Plaintiff's employment with WASA was terminated due to Plaintiff's continued unsatisfactory performance after counseling and repeated written warnings.  At that time, Plaintiff indicated a desire to amend her Complaint.  *Although discovery had already commenced, WASA consented with the understanding that Plaintiff would move promptly in this regard*.  In a Joint Motion to Extend Discovery, filed July

11, 2006, the parties agreed that Plaintiff would "file a motion to amend her complaint within the coming thirty days." This Court issued an Order July 11 granting the Joint Motion and extending the discovery deadline until October 17, 2006.[1]

Plaintiff did not seek to amend her Complaint within thirty days of the July 11 Joint Motion and Order, nor did she raise the issue again until filing the instant motion almost a year later. WASA therefore proceeded in good faith with discovery, conducting a mental examination of Plaintiff on September 13, deposing Plaintiff on September 20, deposing Plaintiff's treating physician on September 26, and making its required expert disclosures on October 9. During this period Plaintiff did not indicate to the Court or to WASA that she still intended to amend her Complaint. On October 3, the parties filed a Joint Motion to Extend Discovery until November 17, but even that did not prompt Plaintiff to indicate that she still intended to amend her Complaint.

In accordance with the parties' agreement, discovery closed November 17, 2006, again with no protest or other indication from Plaintiff that she intended to amend her Complaint at any time in the future. On June 8, 2007, more than half a year after discovery closed and more than a year after she had indicated that she intended to do so, Plaintiff filed the instant Motion to Amend.[2]

---

[1] The parties had consented to proceed before Magistrate Judge John M. Facciola for all purposes on January 26, 2006. A Scheduling Order was issued February 13, after a February 9 Scheduling Conference that Plaintiff and her counsel failed to attend except by telephone (and then only when Plaintiff's counsel was called regarding his failure to appear at the hearing).

[2] Although the Court ordered Plaintiff to file her Motion to Amend within ten days after the date of its May 22 Order, Plaintiff failed to do so and her motion is therefore untimely. Plaintiff attempted to file the Amended Complaint without a motion on June 6; when that filing was rejected Plaintiff finally filed the Motion, on June 8.

III.    **ARGUMENT**

**A. Plaintiff's Motion to Amend should be denied because she unnecessarily delayed in filing the Motion, and allowing her to amend the Complaint this late in the litigation would unfairly prejudice WASA.**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires."  However, this Court has held that denial of a motion to amend the complaint is proper where the motion is filed late in the litigation and amendment would cause prejudice to the defendant.  See Hollinger-Haye v. Harrison Western/Franki-Denys, 130 F.R.D. 1, 1990 U.S. Dist. LEXIS 710 (D.D.C. 1990) ("However, the Court recognizes that when the motion to amend is filed late in the litigation, justice requires the Court to determine whether there is prejudice to the defendants"); see also Camp v. D.C., 2006 U.S. Dist. LEXIS 13317 (D.D.C. 2006); Anderson v. USAir, Inc., 619 F.Supp. 1191 (D.D.C. 1985), aff'd, 818 F.2d 49 (D.C. Cir. 1987).

In Hollinger-Haye the plaintiff sought to amend the complaint after discovery had closed, and this Court denied the motion, noting that the plaintiff had been aware of the facts on which the additional counts were based prior to the completion of discovery. 130 F.R.D. at *2.  See also Anderson, 619 F.Supp. 1191 (Court denied motion to amend where plaintiff had been aware of relevant facts before discovery was completed yet still delayed seeking leave to amend).

Similar to the relevant facts in both Hollinger-Haye and Anderson, there is no dispute that by April 28, 2006, Plaintiff was aware of the facts surrounding her termination and all other factors relevant to her proposed amended Complaint.  She nevertheless failed for over a year to seek leave to amend her Complaint.  In fact, instead

of seeking leave to amend during the 30 day period after her specific July 11 agreement with WASA, Plaintiff inexplicably waited until after discovery had been closed for months.

The Camp case is also directly on point and similarly supports the denial of Plaintiff's Motion to Amend.  In Camp this Court denied the employee's attempt to amend and to add a claim for retaliatory discharge based in part on a finding that the plaintiff did not seek leave to amend until almost three months after discovery closed, and plaintiff had failed to take advantage of the time period agreed to by the parties and the Court for the filing of an amended pleading.  2006 U.S. Dist. LEXIS at *17.  The Court in Camp explained that the plaintiff's "termination occurred in the early stages of this litigation, and the Court – pursuant to an agreement with Plaintiff's counsel. . . - - gave Plaintiff ample time to amend her Complaint to add a retaliatory termination claim."  Id. at *26.  These are exactly the same facts as are before the Court in the instant matter: The parties agreed that Plaintiff could seek leave to amend within a certain time period, Plaintiff failed to do so, and Plaintiff in this case has waited more than twice as long after the close of discovery as the plaintiff in Camp did to seek leave to amend.

Moreover, the harm that WASA would suffer if Plaintiff were allowed to amend her Complaint is the same kind of unfair prejudice that the Court found was facing the defendants in Hollinger-Haye:  "The defendants would clearly have a right to conduct additional discovery in order to determine the basis of the additional claims.  Plaintiff has not demonstrated a good reason for the delay in filing the motion to amend.  The Court concludes that the defendants would be unduly prejudiced if the motion were granted." 130 F.R.D. at *2.

In support of her Motion to Amend, Plaintiff argues that amendment is proper

simply because WASA was aware of the possibility of amendment.  This is plainly

insufficient to justify subjecting WASA to the substantial hardships it would face if

Plaintiff is allowed to amend her Complaint.  It was neither WASA's duty nor that of the

Court to prompt Plaintiff regarding her previously expressed intent to seek leave to

amend the Complaint.  WASA agreed not to oppose an attempt to amend provided that

Plaintiff moved quickly to do so, but when she subsequently failed to amend WASA

proceeded in good faith with discovery based on the Complaint as filed.  Plaintiff's

Complaint was filed almost two years ago.[3]  She was discharged well over a year ago, in

April 2006, and as explained above the mutually-agreed-upon discovery period came and

went with no protest from Plaintiff, and no reference to any intent to amend.  For all these

reasons, Plaintiff's Motion to Amend should be denied.[4]

### B. Plaintiff's untimely Motion to Amend is not excused by her filing of an administrative charge with the Equal Employment Opportunity Commission ("EEOC").

Although the Plaintiff does not make this argument in her Motion, she may claim

in her Reply that she could not file the Motion to Amend sooner because she had charges

pending with the EEOC.  Even if true, this excuse is insufficient to justify Plaintiff's late

attempt to amend.

---

[3] Plaintiff incorrectly states in her Memorandum in Support of her Motion to Amend that the Complaint was filed only 18 months ago, when in fact it was filed 23 months ago.

[4] Note that in one of the cases cited by Plaintiff, Williamsburg Wax Museum v. Historic Figures, Inc., 810 F.2d 243, 247 (D.C. Cir 1987), the D.C. Circuit actually *affirmed the district court's denial of a motion to amend* because "it would prejudice appellees by requiring extensive new discovery" and the movant had "abundant opportunity" to raise the motion earlier.  Another case cited by Plaintiff, M.W. Zwack Metal Co. v. The S.S. Birmingham City, 291 F.2d 451 (2nd Cir. 1961), not only does not stand for the proposition for which Plaintiff cites it but does not seem to deal at all with the issue of whether and under what circumstances courts should grant motions to amend pleadings.

First, individuals are not required to exhaust their administrative remedies with

respect to charges brought under the D.C. Human Rights Act ("DCHRA"), D.C. Code §§

2-1401.01 (2001) et seq.  The DCHRA creates a private cause of action for individuals

claiming to be aggrieved, and such individuals may file an administrative complaint or

bring a civil action in court, but may not do both.  See Rauh v. Coyne, 744 F.Supp. 1186

(D.D.C. 1990).  Plaintiff was not required to wait for a notice of right to sue with respect

to any DCHRA claims, and could have either filed directly with the Court before filing an

administrative charge or withdrawn the administrative charge at any time to file with the

Court.  See D.C. Code §§ 2-1403.04(b), 2-1403.16 (2001).  Plaintiff indicated in July

2006 that she would seek leave to amend within 30 days and was thereafter well-aware

that WASA was committing significant time and resources to discovery, yet she failed to

file her DCHRA charges directly with the Court in a timely fashion, and instead pursued

the charge by filing it administratively.

Second, to the extent that Plaintiff is seeking to add claims under Title VII or the

ADEA, which do require administrative exhaustion, her tardy Motion to Amend is still

not excused.  As the Court explained in Hollinger-Haye, 130 F.R.D. at *2, a plaintiff may

request a notice of right to sue from the EEOC within 180 days after a charge is filed.

See also 29 C.F.R. § 1601.28(a).  Plaintiff has not and seemingly cannot explain why it

has taken fourteen months after the end of her employment to file her charge with the

EEOC and to request a notice of right to sue thereafter, when only 180 days is required

by law.  See Hollinger-Haye at *2 (Court rejected plaintiff's claims that delay in filing

motion to amend was due to reliance on EEOC process; plaintiff could have requested a

notice of right to sue after 180 days and offered no good reason for the delay in doing so).

At a minimum, Plaintiff should have informed the Court and WASA of the

alleged basis for her delay and of her continued intent to seek leave to amend the

Complaint.  It would have cost Plaintiff nothing to alert the Court and WASA in this

regard, and she had every opportunity to do so, including throughout a discovery process

that was mutually extended several times by the parties.  Plaintiff offers no excuse for

why WASA should be held responsible for the fourteen month delay, or why WASA

should be punished for having diligently conducted discovery in accordance with the

Court's orders and the parties' agreements.  For this additional reason Plaintiff's Motion

to Amend should be denied.

There is no question that the amendment requested would require significant

additional time and resources by WASA to revise and supplement its defenses, including

by engaging in additional discovery, and it would be manifestly unfair to require WASA,

a publicly-funded entity, to suffer such prejudice simply because Plaintiff could not be

bothered to pursue any required administrative remedy in an expeditious fashion, or even

to put WASA and the Court on notice of her intentions and of the potential need to

suspend discovery.

### C.  Plaintiff's untimely Motion to Amend should be denied because amendment would be futile.

Plaintiff's Motion to Amend should also be denied because amendment would

ultimately be futile.  First, with respect to the non-DCHRA allegations there is no

indication that Plaintiff has received the required notice of right to sue supporting any

new charges under Title VII or ADEA.  See Camp v. D.C., 2006 U.S. Dist. LEXIS

13317, *18 (D.D.C. 2006) (Title VII requires individual complaining of a violation to

first file an administrative charge with the EEOC; only after EEOC has notified

aggrieved party of its decision to dismiss or its inability to bring a civil action within the appropriate time period may the aggrieved individual bring her own civil action). Plaintiff does not allege in either the Motion to Amend or in the proposed Amended Complaint that she has received any Notice of Right to Sue other than the Notice that provided the basis for the original Complaint.

Second, it is appropriate to deny as futile a Motion to Amend where the Plaintiff will not be able to establish a prima facie case of discrimination or harassment on the additional claims. See Willoughby v. Potomac Elec. Co., 100 F.3d 904, 907 (D.C. Cir. 1995) (finding District Court appropriately denied leave to amend due to futility where plaintiff could not make out prima facie case and her claims under the DCHRA were untimely). It is exceedingly unlikely that Plaintiff in this case will be able to prove a prima facie case of discrimination or retaliation to the extent that she is not seeking to reopen discovery yet conducted no depositions and identified no expert witnesses before discovery closed in November 2006.[5]

## IV.   CONCLUSION

Plaintiff was terminated more than a year ago and agreed to file an amended complaint within a specific period of time. She nevertheless failed to seek leave to amend her Complaint at that time and did not raise the issue again until filing the present motion more than half a year after discovery closed. Plaintiff simply offers *no reason* for her undue delay in this regard, and even if she were to claim that the need to file an

---

[5] Plaintiff had the same opportunity as Defendant to conduct discovery; the time period for discovery was extended several times and Plaintiff has never identified any circumstance that prohibited her from conducting discovery. Reopening discovery is generally disfavored in such circumstances. See Husssain v. Principi, 344 F.Supp. 2d 86, 93 (D.D.C. 2004) ("Since 'the non-moving party has not diligently pursued discovery of the evidence,' this Court is under no obligation to grant belated requests for discovery, nor can plaintiff complain at this late date that he lacks the evidence to respond to defendant's dispositive motion") (internal citations omitted).

administrative charge caused the delay, there can be no dispute that:  (a) she failed to inform the Court and WASA in a timely manner that she was waiting for the D.C. Office of Human Rights or EEOC to process her charge; (b) she was not required to exhaust claims under the DCHRA; and (c) she had ample time to file a charge with the EEOC and to secure a notice of right to sue without waiting until more than a year after her discharge and seven months after discovery closed.

Allowing Plaintiff to amend her Complaint at this time would cost WASA significant additional time and resources, and Plaintiff cannot justify placing this burden on a public employer like WASA when she has failed at every turn to pursue her own claims in a responsible manner.  For all these reasons, the Motion to Amend the Complaint should be denied.

Respectfully submitted,


____/s/_____
Robert G. Ames
DC Bar No. 234393
Brian M. Hudson
DC Bar No. 472358
Venable LLP
575 7th St., N.W.
Washington, D.C. 20004
Ph:  202-344-4000
Fax:  202-344-8300

Counsel for the District of Columbia Water
and Sewer Authority


DC1/245395v2